IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SHEILA LATHAM, | ) |
| Plaintiff, | ) |
| vs. | ) 7:15-cv-01588-LSC |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION**

## I.   Introduction

The plaintiff, Sheila Latham, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits. Ms. Latham timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Latham was fifty years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education. (Tr. at 27.) Her past work experiences include employment as a material handler. (*Id.*) Ms. Latham claims

that she became disabled on July 2, 2012, due to carpal tunnel syndrome, tarsal tunnel syndrome, and depression. (Tr. at 26.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v.*

*Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. Latham met the insured status requirements of the Social Security Act through December 31, 2016. (Tr. at 14.) He further determined that Ms. Latham has not engaged in SGA since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's bilateral tarsal tunnel syndrome with neuropathy is considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that this impairment neither meets nor medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 16.) The ALJ did not find Ms. Latham's allegations to be totally credible, and he determined that she has the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). (*Id.*)

According to the ALJ, Ms. Latham is unable to perform any of her past relevant work, she is a "younger individual age 18-49," she has a high school education, and she is able to communicate in English, as those terms are defined by the regulations. (Tr. at 18.) The ALJ found that based on Plaintiff's RFC for the full range of light work, and considering Plaintiff's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rules 202.21 and 202.14. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from July 2, 2012 through the date of this decision." (*Id.*)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III. Discussion

Ms. Latham alleges that the ALJ's decision should be reversed and remanded because the ALJ should have considered her carpal tunnel syndrome to be a severe impairment at step two of the analysis or, at the least, ordered a consultative examination to further investigate that condition.

### A.     Failure to Consider Carpal Tunnel Syndrome as Severe

As noted above, the ALJ found Plaintiff had the severe impairment of bilateral tarsal tunnel syndrome with neuropathy. (Tr. at 14-16). Although Plaintiff argues the ALJ should have found she had an additional severe impairment of carpal tunnel syndrome, the fact remains that the ALJ found in Plaintiff's favor at step two and proceeded with the other steps of the sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii)-(v), 416.920(a)(4)(ii)-(v). As the Eleventh Circuit has stated, "the finding of any severe impairment, whether or not it results from a single severe impairment or a combination of impairments that together qualify as 'severe,' is enough to satisfy step two." *Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). The Eleventh Circuit also has stated:

> Based on our precedent and the regulations, therefore, it is apparent that there is no need for an ALJ to identify every severe impairment at step two. Accordingly, even assuming that [claimant] is correct that her additional impairments were "severe," the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below.

7

*Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951-52 (11th Cir. 2014).

Even if Plaintiff could demonstrate error that was not harmless by the ALJ's failure to find carpal tunnel syndrome severe at step two, she has in any event failed to prove that she had a severe impairment due to carpal tunnel syndrome. A severe impairment is an impairment that significantly limits a claimant's physical or mental abilities to do basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 404.1521(a), 416.920(a)(4)(ii), (c), 416.921(a). An impairment must be severe for at least twelve consecutive months to be considered a severe impairment at step two. *See* 20 C.F.R. §§ 404.1505(a), 404.1509, 404.1520(a)(4)(ii), 416.905(a), 416.909, 416.920(a)(4)(ii). The claimant bears the burden of proving an impairment is a severe impairment. *See Doughty*, 245 F.2d at 1278.

As noted by the ALJ, Plaintiff complained of hand pain from carpal tunnel syndrome for the first time at her hearing. (Tr. at 14.) The medical records do not indicate she ever complained to her medical providers about hand pain. (Tr. at 28-32). In fact, in her application and reports, she specifically stated no problems with her hands. (Tr. at 118, 121, 134, 132). The ALJ did note that a medical record indicated that Plaintiff had a "history of carpal tunnel." (Tr. at 32.) This falls short of establishing that Plaintiff has additional limitations due to carpal tunnel syndrome. As the Eleventh Circuit has stated, "the mere existence of []

impairments does not reveal the extent to which they limit [a plaintiff's] ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *see also Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) ("a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work") (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Plaintiff simply provided no evidence that carpal tunnel syndrome would have affected her ability to work, particularly for any consecutive twelve-month period. The Court finds no error in the ALJ's failure to consider carpal tunnel syndrome a severe impairment.

### B.    Development of the Record

Plaintiff contends that the ALJ should have ordered a consultative examination to provide evidence to support her allegation that she suffers from carpal tunnel syndrome. "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110–111 (2000). "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). However, in all social security disability cases, the claimant

bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding her impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Doughty*, 245 F.3d. at 1278; 42 U.S.C. § 423(d)(5). "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 146 n.5.

An ALJ has many options, but no affirmative requirements, for settling an inconsistency or insufficiency in a claimant's medical record. *See* 20 C.F.R. § 404.1520b. He has the option to contact the treating physician, ask the claimant for additional records, request a consultative examination, or ask the claimant and/or others for more information. *Id.* The ALJ may exercise all or none of these potential remedies. *Id.* He is not required to take any of those steps if he determines that weighing the available evidence will be sufficient. *Id.* Therefore, where the ALJ's findings are supported by evidence sufficient for a decision, the ALJ is not obligated to seek additional medical testimony. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).

Furthermore, before remanding for further development of the record, a reviewing court must consider "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Smith v. Schweiker*, 677 F.2d 826, 830 (11th

Cir.1982). "Although the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before [a reviewing court] will remand for further development of the record." *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)).

  Plaintiff has not demonstrated that a consultative physical examination was necessary for the ALJ to make an informed decision or that she was prejudiced regarding the development of the record. The Eleventh Circuit has remanded cases for further development of the evidentiary record when the claimant was proceeding *pro se* and the record contained "evidentiary gaps which result in unfairness or clear prejudice," *Brown*, 44 F.3d at 935 (internal quotation marks and citation omitted), but Plaintiff fails to identify any gaps in the evidence. Plaintiff was represented during the administrative process and was responsible for producing evidence related to her disability. *See* 20 C.F.R. § 416.912(a), (c). Indeed, Plaintiff's attorney was given the opportunity at the hearing to further develop the record by questioning Plaintiff about her carpal tunnel syndrome, but he did not. (Tr. at 32, 37.) Plaintiff can only speculate that a consultative examination would reveal evidence that could possibly support her claim, and speculation is not a basis for requiring an ALJ to order a consultative examination.

*See* 20 C.F.R. §§ 404.1519a, 416.919a. The record contained substantial evidence for the ALJ to make an informed decision.

## IV. Conclusion

Upon review of the administrative record, and considering all of Ms. Latham's arguments, the court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON MARCH 23, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704